United States District Court
District of Massachusetts

|  |  |
|---|---|
| NEW LONDON COUNTY MUTUAL INSURANCE COMPANY, as subrogee of Lynda Lambert and Mark Landreville, <br>     Plaintiff, <br><br> v. <br><br> UNITED PET GROUP, INC., <br>     Defendant and Third- <br>     Party Plaintiff, <br><br> v. <br><br> NEWA TECNO INDUSTRIA S.R.L., <br>     Third-Party Defendant. | Civil Case No. <br> 11-10744-NMG |

**MEMORANDUM & ORDER**

GORTON, J.

This case arises from a fire at the house of Lynda Lambert and Mark Landreville allegedly caused by a defective aquarium heater sold by United Pet Group, Inc. ("United Pet Group"). Plaintiff New London Country Mutual Insurance Company ("New London") filed this products liability action against United Pet Group as subrogee of the insureds Lambert and Landreville. United Pet Group impleaded NEWA Tecno Indusria S.R.L. ("NEWA"), the Italian manufacturer of the aquarium heater, seeking indemnification and contribution. NEWA has moved to dismiss the third-party complaint for lack of personal jurisdiction.

I. **Analysis**

United Pet Group asserts that NEWA is subject to specific personal jurisdiction under the Massachusetts Long-Arm Statute, M.G.L. c. 223A, § 3(a). Because that statute authorizes jurisdiction to the full extent that the Constitution allows, Tatro v. Manor Care, Inc., 625 N.E.2d 549, 553 (Mass. 1994), the Court proceeds directly to the constitutional analysis, Phillips v. Prairie Eye Center, 530 F.3d 22, 26 (1st Cir. 2008).

A. **Standard**

The Due Process Clause forbids the exercise of personal jurisdiction over a foreign defendant unless that defendant exhibits "minimum contacts" with the forum state "such that maintenance of the suit does not offend traditional notions of fair play and substantial justice." Int'l Shoe Co. v. Washington, 326 U.S. 310, 319 (1945). The First Circuit employs a tripartite analysis to determine whether the exercise of specific personal jurisdiction comports with the Constitution: 1) whether the claims arise out of or are related to the defendant's in-state activities, 2) whether the defendant has purposefully availed itself of the laws of the forum state and 3) whether the exercise of jurisdiction comports with fair play and substantial justice. Phillips, 530 F.3d at 27. A court must make "an affirmative finding on each of the three elements of the test ... to support a finding of specific jurisdiction." Negron-Torres v. Verizon

Commc'ns, Inc., 478 F.3d 19, 24-25 (1st Cir. 2007).

**B.  Application**

Ordinarily, this Court would proceed factor-by-factor to determine whether the exercise of specific personal jurisdiction over the defendant comports with constitutional requirements. See, e.g., Rodriguez v. Samsung Elecs. Co., 827 F. Supp. 2d 47, 50-53 (D. Mass. 2011); LaVallee v. Parrot-Ice Drink Prods. of Am., Inc., 193 F. Supp. 2d 296, 302-04 (D. Mass. 2002). For reasons that will become apparent, the Court today begins and ends with the third factor.

As stated above, the exercise of personal jurisdiction over a foreign corporation is unreasonable if it would offend traditional notions of fair play and substantial justice. Factors to consider include 1) the defendant's burden of appearing, 2) the forum state's interest in adjudicating the dispute, 3) the plaintiff's interest in obtaining convenient and effective relief, 4) the judicial system's interest in obtaining the most effective and equitable resolution of the controversy and 5) the interests of other nations. See Asahi Metal Indus. Co. v. Superior Court of Cal., Solano Cnty., 480 U.S. 102, 113-16 (1987); Adelson v. Hananel, 652 F.3d 75, 83 (1st Cir. 2011).

Applying the foregoing factors to a strikingly similar set of facts, the Supreme Court ruled in Asahi that the exercise of personal jurisdiction over a foreign manufacturer impleaded for

indemnification in a products liability action "would be unreasonable and unfair." 480 U.S. at 115. The Court found the burden on the foreign manufacturer "severe," not only because it would need to travel halfway around the world to litigate the case but also because it would be forced to submit its dispute to the judicial system in a foreign country. Id. at 114. It also distinguished the forum state's strong interest in protecting its consumers from its relatively weak interest in adjudicating an indemnification dispute between foreign companies. Id. at 114-15.

The First Circuit was presented with an analogous situation in D'Almeida v. Stork Brabant B.V., 71 F.3d 50, 51 (1st Cir. 1995). There, the distributor of a defective product, who was sued by an injured end user, brought third-party claims for indemnification, contribution and breach of warranty against the foreign manufacturer of that product. The third-party claims arose out of the distribution agreement between the parties, which included a forum-selection clause designating Holland as the locus of litigation. Id. Finding the case "directly governed by Asahi," the First Circuit ruled that the exercise of personal jurisdiction over the foreign manufacturer was inconsistent with traditional notions of fair play and substantial justice. Id.

The instant case is no different. A defective product, the aquarium heater, gave rise to a products liability action in federal court. A foreign distributor, United Pet Group, brought

third-party claims for indemnification, contribution and breach of warranty against a foreign manufacturer, NEWA. Those claims arose out of a distribution agreement which includes a forum-selection clause designating London, England, as the place where any disputes arising out of their relationship would be resolved.

Not only are the jurisdictional facts indistinguishable, the interests counseling against the exercise of personal jurisdiction in Asahi and D'Almeida apply with equal force here. Just as with the parties in D'Almeida, who signed a comparable forum-selection clause, NEWA and United Pet Group "must reasonably have expected that any litigation between them would not take place in Massachusetts." D'Almeida, 71 F.3d at 51. One of the likely reasons NEWA insisted on a forum-selection clause was to avoid the considerable expense and effort of litigating products-liability actions in United States courts. Moreover, Massachusetts has just as little interest in entertaining an indemnification and contribution dispute between an Italian manufacturer and an Ohio distributor as it did between two Dutch companies. Id. "Considering the international context, the heavy burden on the alien defendant, and the slight interests of the plaintiff and the forum State," Asahi, 480 U.S. at 116, the exercise of personal jurisdiction by this Court over NEWA would be inconsistent with the precepts of fair play and substantial justice.

Having so found, this Court need not address the other two

constitutional prerequisites and will decline the request to exercise jurisdiction over NEWA.

**ORDER**

In accordance with the foregoing,

1) NEWA's motion to dismiss for lack of personal jurisdiction (Docket No. 21) is **ALLOWED**; and

2) United Pet Group's Third-Party Complaint (Docket No. 15) is **DISMISSED**.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated August 6, 2012